# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN M. FENNEL, JR.,<br><br>        Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA, INC.,<br><br>        Defendant. | 8:16CV06<br><br>ORDER |

This matter is before the court *sua sponte*. Steven M. Fennel, Jr. filed a Petition to Take Depositions Prior to Filing Action (Filing No. 1-1) on November 28, 2015, in the District Court of Sarpy County, Nebraska. In the petition, Fennel seeks to preserve evidence by deposing four individuals. **See** Filing No. 1-1 Petition. Fennel is a resident of Nebraska. *Id.* Fennel alleges Home Depot USA, Inc. (Home Depot), listed as the respondent, is the subject of an investigation by the Equal Employment Opportunity Commission (EEOC) and Nebraska Equal Employment Opportunity Commission. *Id.* The petition notes, "Pursuant to federal law, the Petitioner is unable to file an action at the present time, pending investigation and resolution of this matter through the EEOC." *Id.* Fennel filed the petition seeking pre-litigation discovery pursuant to Nebraska Court Rule of Discovery § 6-327. *Id.*

On January 8, 2016, Home Depot filed a notice of removal. **See** Filing No. 1. Home Depot alleges the Unites States District Court for the District of Nebraska enjoys both diversity and federal question jurisdiction because the parties are diverse and Fennel "is pursuing this action under federal law, pursuant to the Americans with Disabilities Amendments Act of 2008." *Id.* Home Depot's notice calls Fennel's petition an "action," a "case," and an "initial pleading." *Id.*

No party has moved for remand; however, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. ***James Neff Kramper Family Farm P'ship v. IBP, Inc.***, 393 F.3d 828, 831 (8th Cir. 2005). Since removal to federal court is a statutory right, and not one granted under the

Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); *Keene Corp. v. United States*, 508 U.S. 200, 207-08 (1993) (noting "subject-matter jurisdiction turns on the facts upon filing" in federal court).

The court finds the notice of removal appears insufficient to grant this court jurisdiction. Home Depot fails to allege a "civil action" exists for purposes of the removal statutes, 28 U.S.C. §§ 1441 and 1446. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The federal court does not generally have jurisdiction over state court pre-litigation discovery proceedings despite the threat of federal litigation. **See** *Texas v. Real Parties In Interest*, 259 F.3d 387, 395 (5th Cir. 2001); *Mississippi ex rel. Hood v. Gulf Coast Claims Facility*, No. 3:11CV509, 2011 WL 5551773, at *2 (S.D. Miss. Nov. 15, 2011); **see also** *Capps v. JPMorgan Chase Bank, N.A.*, No. 3:13CV572, 2014 WL 10475644, at *1 (S.D. Miss. Sept. 29, 2014) (citing cases). **But see** Fed. R. Civ. P. 27. Home Depot fails to cite any statute or other authority suggesting otherwise. Accordingly, Home Depot shall have an opportunity to show cause why this matter should not be summarily remanded.

**IT IS ORDERED**:

Home Depot shall have to **on or before February 3, 2016**, to show cause why this matter should not be remanded for lack of subject matter jurisdiction.

Dated this 12th day of January, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge